In re Norma J. HURT, Debtor.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ITNX, Appellant,

v.

Alpha Business Group, Inc.; Norma J. Hurt, Appellees.

No. 00–15088.

BAP No. AZ–98–01532–KPRy.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided June 5, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

1. The first question presented is whether the bankruptcy court erred in allowing the sale of the Colorado property. Although the bankruptcy court allowed the sale under 11 U.S.C. § 363(f)(4), which ITNX challenges, we find that the sale was proper under 11 U.S.C. § 363(b) and affirm. 11 U.S.C. § 363(b) allows the debtor in possession[1] to sell, other than in the ordinary course of business, "property of the estate." "Property of the estate" is defined as, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Accordingly, if the Colorado property was property of the estate, it was within the bankruptcy court's power to allow the sale.

The settlement agreement and subsequent judgment in adversary proceeding 87–199 establish that title in the Colorado property was quieted in favor of Hurt. The settlement agreement provided for the "[w]aiver and release of . . . any claim by Andrew B. Spain or any of his entities in

---

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although 11 U.S.C. § 363(b) speaks in terms of the "trustee," 11 U.S.C. § 1107 confers upon debtors in possession all the rights, powers, and duties of a Chapter 11 trustee.

and to the real property in Colorado." As president of ITNX, Spain thus waived ITNX's claim to the Colorado property. The judgment in adversary proceeding 87–199 confirms as much, providing, "The property listed on the exhibit tendered with the settlement agreement ... shall be confirmed in Norma J. Hurt as her sole and separate property...." The Colorado property was correctly identified in the exhibit. Accordingly, the Colorado property was property of the estate, the sale of which the bankruptcy court was empowered to allow.

■ 2. As the bankruptcy court correctly ruled, ITNX was not entitled under 11 U.S.C. § 363(i) to match the high bid on the property. That provision provides:

> Before the consummation of a sale of property to which subsection (g) or (h) of this section applies ... a co-owner of such property ... may purchase such property at the price at which such sale is to be consummated.

11 U.S.C. § 363(i). Subsection (g) is inapplicable, for it applies to "any vested or contingent right in the nature of dower or curtesy." 11 U.S.C. § 363(g). And subsection (h) applies to "the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as tenant in common, joint tenant, or tenant by the entirety." 11 U.S.C. § 363(h). This, too, is inapplicable. ITNX is not a co-owner with Hurt sharing an undivided interest as joint tenant, tenant in common, or tenant by the entirety. It is a third party that itself claims to be the sole owner. Accordingly, ITNX had no right to match the high bid.

3. Although argued by ITNX, we need not determine whether the bankruptcy court had the power to itself "determine" an adversary proceeding to resolve who owned the property, because Hurt owned the property as a matter of law due to the settlement and judgment in adversary proceeding 87–199. There was no need for an adversary proceeding in 1996 as to ownership, and none in fact occurred. Accordingly, the bankruptcy court did not exceed its powers under 28 U.S.C. § 157 because it did not purport to resolve the ownership dispute by conducting and deciding an adversary proceeding.

4. Similarly, although also argued by INTX, we need not decide whether a bona fide dispute existed under 11 U.S.C. § 363(f)(4). Sale of the Colorado property was proper under 11 U.S.C. § 363(b) because the property was, as a matter of law, property of the estate by virtue of the settlement and judgment in adversary proceeding 87–199. Accordingly, there was no need to resort to § 363(f)(4).

AFFIRMED.